United States District Court
Southern District of Texas
**ENTERED**
July 22, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARLENE BOSARGE, | § | |
| (BOP #36543-280) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-16-1389 |
| | § | |
| MARNE BOYLE, Warden, | § | |
| Federal Prison Camp, | § | |
| Bryan, Texas. | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Arlene Bosarge (BOP #36543-280) is a federal prisoner incarcerated in the United States

Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas.  Bosarge petitioned for a

habeas writ under 28 U.S.C. § 2241, (Docket Entry No. 1).  She challenges the administration of her

sentence.

On April 24, 2009, Bosarge was convicted in the United States District Court for the Western

District of Texas and sentenced to a 144-month prison sentence.  *See United States v. Bosarge*, No.

1:09-cr-00087-04 (W.D. Tex.).  With credit for good conduct, Bosarge's projected release date is

October 8, 2019. (Docket Entry No. 1, p. 1).

Bosarge does not challenge her conviction.  She asserts that she is entitled to placement in

a Residential Reentry Center for the final 12 months of her sentence, under the Second Chance Act

of 2007, Pub. L. No. 110-199 (April 9, 2008). (Docket Entry No. 1. pp. 2, 17-18).

The record shows that Bosarge did not present her claim to the BOP's three-tiered

administrative remedy program before filing suit.  (Docket Entry No. 1, pp. 9-17); *see* 28 C.F.R. §§

542.10 – 542.19 (2016).  A federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons."  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted).  Exceptions to the exhaustion requirement are appropriate only if "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought," or " the attempt to exhaust such remedies would itself be a patently futile course of action.'"  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted).  The petitioner must show the futility of exhaustion.

Bosarge contends that exhaustion would be futile because former BOP Director Harley Lappin "has taken a strong position on the issue [of allowing prisoners more than six months in a Residential Reentry Center] and has thus far been unwilling to reconsider."  (Docket Entry No. 1, p. 11).  The comments attributed to former Director Lappin were made in 2008.  (Docket Entry No. 1, p. 14).  The petition contains no information about what position, if any, the current BOP administration has on Residential Reentry Center  placement.  The cases Bosarge cites do not involve the Second Chance Act. (Docket Entry No. 1, p. 11).  Given her 2019 release date, Bosarge has ample time to exhaust the administrative remedy process before she becomes eligible for placement in a Residential Reentry Center.  Bosarge has not shown that exhaustion is futile.

Even if Bosarge had exhausted her administrative remedies before suing, the petition fails to state a valid claim for habeas corpus relief.  The Second Chance Act amended 18 U.S.C. § 3624(c) to increase the possible term of placement in a Residential Reentry Center from 6 months to no more than 12 months before a prisoner's projected release date.  The amendment also requires the BOP

to assess prisoners for placement on an individual basis, consistent with factors set out in 18 U.S.C. § 3621(b).  Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission . . .

18 U.S.C. § 3621(b); *see also* 28 C.F.R. § 570.22 (inmates will be considered for "pre-release community confinement" in a manner consistent with 18 U.S.C. § 3621(b)).

A prisoner's placement in a particular facility is within the BOP's discretionary authority. *See Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *see also Stewart v. Daniels*, Civil No. 1:13-184, 2014 WL 4949884, at *1 (E.D. Tex. Sept. 30, 2014) ("The duration of [Residential Reentry Center] placement is a matter to which the [Bureau of Prisons] retains discretionary authority.") (citation omitted).  A prisoner has no constitutional right to be assigned to a particular institution, facility, or rehabilitative program.  *See, e.g., Olim v. Wakinekona*, 103 S. Ct. 1741, 1745 (1983); *Meachum v. Fano*, 96 S. Ct. 2532, 2538-40 (1976); *Moody v. Daggett*, 97 S. Ct. 274, 429 U.S. 78, 88 n.9 (1976).  Nothing in the Second Chance Act or § 3621(b) entitles a prisoner to placement in a Center.  *See Creager v. Chapman*, No. 4:09-713, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (citing various cases).  Bosarge does not otherwise allege that the BOP has failed or refused to evaluate her for placement in a Center or that the BOP improperly assessed her case.

3

Bosarge's petition alleges no claim that may proceed.[1]

## III.    Conclusion

Bosarge's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed, with prejudice, because amendment would be futile.  The order directing the government to answer, (Docket Entry No. 4), is vacated as moot.

SIGNED on July 22, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1]     Other courts in this district have consistently rejected similar petitions for lack of merit.  *See Barrientos v. Boyle*, Civil No. H-16-1117 (S.D. Tex. April 27, 2016); *Love v. Boyle*, Civil No. H-16-1118 (S.D. Tex. April 27, 2016); *Jackson v. Boyle*, Civil No. H-16-1119 (S.D. Tex. April 26, 2016); *Garza v. Boyle*, Civil No. H-16-1120 (S.D. Tex. April 26, 2016);  *see also Brooks v. Chandler*, No. 4:14-875, 2014 WL 5786954 (N.D. Tex. Nov. 5, 2014) (rejecting a seemingly boilerplate petition seeking relief under the Second Chance Act).

4